JOURNAL ENTRY AND OPINION
{¶ 1} This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel.
 {¶ 2} The appellant, William J. Bergen, appeals from the judgment of the Bedford Municipal Court, which found him guilty of destroying vegetation without permission, in violation of City of Solon Zoning Ordinance ("CSZO") 1488.02. For the following reasons, the judgment of the lower court is hereby affirmed.
 {¶ 3} The instant matter is before this court as a result of the fact that Bergen completely cleared his vacant lot of all vegetation. The lot is located at 32520 Arthur Road in Solon, Ohio. On May 2, 2000, Bergen was notified by the City of Solon zoning inspector that the subject property must be in compliance with CSZO 674.02, which reads as follows:
 {¶ 4} "Notice to Cut and Destroy. Whenever it comes to the attentions of the City or the Service Department that noxious weeds referred to in Section 674.01 are growing on any lot or lands within the City, upon receipt of a written complaint from the owner of an adjoining property, a written notice shall be served * * * that such weeds or other growths are growing on, * * * that the same must be cut and destroyed * * * within five days after the service of such notice * * *."
 {¶ 5} Under CSZO 674.01, noxious weeds include all Russian, Canadian or common thistle, wild lettuce, wild mustard, wild parsley, ragweed, silkweed, ironweed, and all other noxious weeds, or other noxious growths which, if allowed to mature, will constitute a fire hazard or will spread seeds or pollen that will be harmful to human health.
 {¶ 6} In response to this letter, Bergen testified that he called his normal maintenance man, as he had done for the previous five years, to cut the weeds on the lot. Thereafter, and not in reliance on the May 2000 notice, Bergen contracted with Dash Tree Service to clear the vegetation on the lot. Not only did Dash Tree Service cut and destroy the weeds, but all vegetation was removed, including bushes and trees.
 {¶ 7} Because of the total clearing of the lot, Bergen was cited by the Solon Building Department on November 1, 2000 for violating CSZO 1488.02, which specifically states:
 {¶ 8} "(a) No person shall clear, clear-cut, devegetate, denude or otherwise destroy trees, bushes and/or other vegetation on undeveloped land without first receiving approval from the Building Commissioner."
 {¶ 9} Pertinent to this instant matter, CSZO 1488.01(b) defines "undeveloped lands" as follows:
 {¶ 10} "(b) "Undeveloped land" means any lot or parcel which does not have a habitable building constructed on that lot or parcel."[1]
 {¶ 11} In response to the citation, Bergen filed a Motion to Dismiss on the grounds that CSZO 1488.02 was void for vagueness and amounted to an unconstitutional taking of his land. The lower court denied said motion, and Bergen was thereafter found guilty of the stated offense.
 {¶ 12} Bergen now appeals and presents two assignments of error for this court's review. The first assignment of error states:
 {¶ 13} "I. The trial court committed prejudicial error inasmuch as it failed to find Solon City Ordinance 1488.02 void for vagueness."
 {¶ 14} The appellant argues that the subject ordinance is unconstitutionally vague and amounts to an unconstitutional "taking" of land. A statute or ordinance is unconstitutionally vague if the statute "fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute." State v. Dorso
(1983), 4 Ohio St.3d 60, quoting United States v. Harriss (1954),347 U.S. 612, 617. A statute or ordinance is not necessarily unconstitutionally vague merely because the statute could have been more precisely worded. Id., citing Roth v. United States (1957), 354 U.S. 476. In Dorso:
 {¶ 15} "[A]s to challenges to a statute based upon its alleged vagueness, the United States Supreme Court has stated, "* * * If this general class of offenses [to which the statute applies] can be made constitutionally definite by a reasonable construction of the statute, this court is under a duty to give the statute that construction." Thus, we are obligated to indulge every reasonable interpretation favoring the ordinance in order to sustain it. Id. at 60.
 {¶ 16} Although a facial vagueness challenge can be sustained, the attack is available in limited circumstances, such as where the statute affects constitutionally protected conduct or is so lacking in standards that it forbids "no comprehensible course of conduct" and is thus incapable of any constitutional application. See Chicago v. Morales
(1999), 527 U.S. 41, 119 S.Ct. 1849, 144 L.Ed.2d 67; U.S. v. Powell
(1975), 423 U.S. 87, 96 S.Ct. 316, 46 L.Ed.2d 228.
 {¶ 17} At trial, the appellant's lawyer argued that CSZO 1488.02 was impermissibly vague when read in conjunction with CSZO 674.01 and 674.02, and such an argument might have been successful had the appellant in fact relied on the May 2000 letter when he cleared his property in July of 2000. A person given a notice to remove unspecified "noxious growths" might reasonably conclude that all growths on his lot could be so described and destroy them all, believing that the notice provided authorization for the destruction. The reasonableness of this belief would be enhanced where, as here, the notice came not from the city's service department, but from a zoning inspector who admittedly works in the department of the building commissioner. Nevertheless, as the judge pointed out, the appellant's testimony showed that he did not rely on the letter when clearing his property; rather, he contacted his maintenance man to cut the weeds and later contracted with Dash Tree Service for the clear cutting. Therefore, his vagueness challenge fails because he was not personally confused by any conflicting standards in the ordinances. Accordingly, the first assignment of error is overruled.
 {¶ 18} The appellant's second assignment of error states:
 {¶ 19} "II. The trial court committed prejudicial error inasmuch as it failed to find Solon City Ordinance 1488.02 unconstitutional. Said ordinance effectively freezes the use of appellant's property in place and deprives him of the use of the property, thereby amounting to an unconstitutional taking of his land."
 {¶ 20} In City of Mentor v. Osborne, the Eleventh Appellate District addressed a factually similar issue. (March 12, 1999), Lake Cty. No. 97-L-272. In Osborne, the court declared that requiring a person to obtain a permit before clearing vegetation on his or her land was notunconstitutional on its face, but the ordinance, as applied to Osbornes' property, violated the taking clause of the U.S. and Ohio Constitutions. Mentor Ordinance 97-0-137 required property owners in the White Triangle area to obtain a land-use permit before clearing any vegetation, and said permit would only be issued if the proposed action would not be detrimental to the purposes for which lands are being appropriated. In essence, the ordinance amounted to a "quick take" leaving the property owner with no control except that which the city intends to do with the property. Id.
 {¶ 21} As in Osborne, the City of Solon requires that the owner of an "undeveloped land" obtain a permit before clearing the lot of all vegetation. Unlike Osborne though, CSZO 1488.02(a), does not restrict or limit the appellant's use of the land, nor can it be arbitrarily applied as in Osborne. CSZO 1488.02(a) simply requires that an owner of an "undeveloped" lot obtain a permit to clear-cut the property. In UnitedStates v. Riverside Bayview Homes, Inc., with regard to land-use permits the court stated:
 {¶ 22} "[A] requirement that a person obtain a permit before engaging in a certain use of his or her property does not itself "take" the property in any sense: after all, the very existence of a permitsystem implies that permission may be granted, leaving the landowner freeto use the property as desired." (1985), 474 U.S. 121, 127.
 {¶ 23} CSZO 1488.02(a) requires that the land owner obtain a permit before completely clearing any "undeveloped land" in order to ensure that said lot will continue to respond properly to changing weather conditions. There are no limitations or hindrances that would preclude the appellant from obtaining the necessary permit, nor can issuance of said permit be arbitrarily applied. Moreover, as stated inRiverside Bayview Homes, Inc., requiring a person to obtain a permit before engaging in a certain use of his or her property does not itself"take" the property in any sense. (Emphasis added.) Id.
 {¶ 24} The Solon ordinance in question does not limit or hinder the use of the appellant's property, it only requires that a permit be obtained prior to completely clearing all vegetation. After obtaining a permit, the appellant is free to use the property as desired without restrictions. As such, this court can only conclude that CSZO 1488.02 is not an unconstitutional "taking." A reading of the ordinance provides fair notice to a person of ordinary intelligence that his contemplated conduct is forbidden by the ordinance. Likewise, requiring the appellant to obtain a permit prior to clear-cutting an "undeveloped land" does not amount to an unconstitutional taking because the appellant is not hindered or encumbered in the use of his/her property. Therefore, the appellant's appeal is not well taken.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Bedford Municipal Court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, A.J., AND ANNE L. KILBANE, J., CONCUR.
[1] There is no dispute that the subject lot was "undeveloped land."